**Dated: October 9, 2019**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF OKLAHOMA

In re:

PAMELA SUE CHRISTIE**,**                      Case No.   10-82219-TRC
                                               Chapter 13
       Debtor.

PAMELA SUE CHRISTIE,

       Plaintiff,
vs.                                             Adversary No. 19-8002-TRC

FORT GIBSON STATE BANK,

       Defendant.

**ORDER DENYING MOTION FOR
SUMMARY JUDGMENT**

    Before the Court is Defendant's Motion for Summary Judgment with Brief in Support (Docket Entries 24 and 25), and Plaintiff's Objection (Docket Entry 26).  After reviewing the motion and brief, objection, and supporting documentation, the Court finds that the motion for summary judgment should be denied.

To prevail on a motion for summary judgment, the moving party must establish that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  Defendant seeks summary judgment on the grounds that it did not violate the discharge injunction by accepting payments for postpetition advances made on prepetition loans scheduled to be paid in full during Plaintiff's chapter 13 plan and for separate debts not included in her plan.  Defendant also seeks summary judgment on a claim made under the Fair Debt Collection Practices Act.  Plaintiff does not dispute the facts as cited in Defendant's Brief; however, she adds additional material facts, including that Defendant demanded she make payments in addition to what she paid under the plan before it would release liens on collateral as required pursuant to the terms of the confirmed plan.

A discharge order issued pursuant to 11 U.S.C. § 524(a) generally relieves a debtor from all prepetition debt and permanently enjoins creditor actions to collect discharged debts.  In assessing violations of the discharge injunction and automatic stay, as noted by Defendant in its Brief, the core issue is whether the creditor acted in such a way as to improperly coerce or harass the debtor. This determination presents genuine issues of material fact which the Court cannot determine without a trial.  Based upon the record presented, the Court has questions regarding the circumstances surrounding the postpetition advances, Defendant's motive and representations regarding its secured status regarding those advances, the application of funds paid by Plaintiff to Defendant after completion of plan payments, as well as the timing of attempts to obtain payment after Plaintiff completed her plan payments.  These are material issues relevant to claims under § 362 and § 524 that have not been sufficiently explained in the Motion and Brief for Summary Judgment.  Additionally, it is not clear from the facts and supporting evidence submitted by Defendant that it is entitled to judgment as a matter of law.  Defendant offers no

discussion regarding the effect of the confirmed plan's terms regarding release of liens on its assertion that its liens remained in place because of the postpetition advances. These are central issues in the case. The Court cannot make the factual and legal determinations requested by Defendant based upon the record presented on summary judgment.

Defendant also seeks summary judgment regarding Plaintiff's claim under the Fair Debt Collection Practices Act. That claim is not included in the Pretrial Order entered in this case. The Pretrial Order governs the proceedings and controls the course of action of the trial. Therefore, since there is no claim being made at trial under the FDCPA, Defendant's request for judgment thereon is moot.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Docket Entry 24) is **denied.**

###