**Dated: April 28, 2020**

**The following is ORDERED:**



TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
**PAMELA SUE CHRISTIE,**                Case No. 10-82219-TRC
                                         Chapter 13

              Debtor.

**PAMELA SUE CHRISTIE,**

              Plaintiff,

vs.                                                    Adversary No. 19-8002-TRC

**FORT GIBSON STATE BANK**,

              Defendant.

## ORDER GRANTING MOTION TO RECONSIDER AND AWARDING ATTORNEY FEES AND COSTS

Before the Court for consideration is Plaintiff Pamela Sue Christie's Motion to Reconsider Award of Attorney's Fees (Docket Entry 46) and Defendant Fort Gibson State Bank's Objection (Docket Entry 49). After a hearing on this matter, the Court finds that the Motion should

be granted and its previous award of attorney's fees should be increased to include trial and posttrial work.

After trial on the merits, this Court determined that Defendant Bank had violated the automatic stay under 11 U.S.C. § 362 and awarded actual damages and attorney's fees of $10,000 with costs to Plaintiff Christie. The Court declined to award punitive damages.

Christie asks this Court to reconsider its attorney fee award and include time spent on trial preparation, trial and posttrial matters. Following the one day trial, this Court directed the parties to submit written closing arguments, including proposed findings of fact and conclusions of law. Prior to trial, Christie's attorneys incurred $16,481.50 in attorney fees and $317.84 in costs. For trial time and posttrial written arguments, Christie's attorneys now seek $23,798 with costs of $388.69. Defendant Bank does not dispute the time reflected in the fee request, but argues that Christie has set forth no basis for reconsidering the award of attorney fees, other than as further punishment of the Bank, and that the Court has already carefully considered and determined the fees to award.

This Court based its initial award of attorney fees and costs on the figures provided at trial. It now reconsiders its decision, based on complete time records for the case, including trial and posttrial matters.

As the Court previously stated, § 362(k) provides that an individual injured by a willful violation of the stay shall recover actual damages, including costs and attorneys' fees. In awarding attorneys' fees, trial courts focus on the reasonableness of the fees requested.[1] Trial courts are

---

[1] "There are over 100 separate statutes providing for the award of attorney's fees; and although these provisions cover a wide variety of contexts and causes of action, the benchmark for the awards under nearly all of these statutes is that the attorney's fee must be "reasonable." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 (1986),

afforded wide discretion to determine the amount of attorney fees to be awarded based upon the facts of each case, having presided over the entirety of the case and observed the conduct of the parties and attorneys throughout.[2] Bankruptcy courts generally evaluate the reasonableness of an attorney fee application based on factors such as those identified in 11 U.S.C. § 330, and guidelines articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* guidelines"): (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. The primary considerations in an award of fees are the hourly rate charged and hours expended. Indeed, most of the *Johnson* guidelines are "subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[3]

Christie's fee application includes detailed time records regarding the services performed in this case. The Court has considered the reasonableness of those fees based upon the detailed entries provided in light of the *Johnson* factors. As the Court observed in its Opinion, the purpose of the automatic stay is to protect debtors from collection efforts. A "willful" action does not require specific intent to violate the stay. The testimony at trial was that approximately two years after the Bank demanded additional funds to release liens that had been paid off through her

---

*supplemented,* 483 U.S. 711 (1987). See also *Escobedo v. Davis (In re Escobedo),* 513 B.R. 605, 613 (Bankr. D. N.M. 2014).

[2] *See Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1201 (10th Cir. 1986).

[3] *Hensley v. Eckerhart,* 461 U.S. 424, 434 n.9 (1983).

Chapter 13 plan, Christie made a written demand to the Bank that it return those additional funds she paid. The Bank determined that its demand for additional funds from Christie was proper, despite the terms of the confirmed Chapter 13 Plan, leaving Christie no choice but to bring this lawsuit to remedy stay violations. She pursued her case as both an automatic stay violation and a discharge injunction violation, even though the Bank's actions she complained of occurred prior to the entry of the discharge. Nevertheless, the Court found willful violations of the automatic stay and she prevailed on that cause of action only.

This Court has extensive experience with attorney fee applications and knowledge of customary rates charged by attorneys who practice in this Court, as well as in the bankruptcy courts in the Northern and Western Districts of Oklahoma. No challenge has been made to the hourly rates charged nor time entries of Christie's attorneys, Greggory Colpitts and Lauren Colpitts. Both attorneys regularly practice before this Court. The Court finds that the hourly rates charged are reasonable and customary for this jurisdiction for the experience of these attorneys. Mr. Colpitts has extensive experience in consumer bankruptcy law and litigation, board certification in consumer bankruptcy, L.L.M. degree in taxation, and has extensive experience in prosecuting automatic stay and discharge injunction violation cases.

The Court has reviewed the time entries for the Colpitts firm. It notes that most time entries are reasonable for the tasks performed. There is some duplication of services by the attorneys although this is not inherently unreasonable.[4] The Court notes that Lauren Colpitts attended the trial, but her time was not billed.

---

[4] *See Anchondo v. Anderson, Crenshaw & Assoc., L.L.C.,* 616 F.3d 1098, 1105 (10th Cir. 2010) (quoting *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1302 (11th Cir. 1988)).

The Court finds that a $6,000 reduction in the fee request is proper when considering the novelty and difficulty of this case, and the amount involved, and results obtained. There were but two witnesses at trial, and a minimal amount of discovery required. This case did not involve novel or difficult issues. And Christie admitted to requesting and receiving cash advances from the Bank. Therefore, the Court finds that for this case, a reasonable amount of attorney fees is $17,798. The Court also finds that costs of $388.69 should be awarded.

IT IS THEREFORE ORDERED that Plaintiff Pamela Sue Christie's Motion to Reconsider Award of Attorney's Fees (Docket Entry 46) is **granted** to consider additional attorney fees and costs.

IT IS FURTHER ORDERED that, in addition to this Court's previous finding of actual damages of $6,048.01, Plaintiff's award of attorney fees should increase to $17,798 and costs awarded should be $388.69.

IT IS FURTHER ORDERED that this Court shall enter an Amended Judgment in favor of Plaintiff Pamela Sue Christie in accordance with this Order.

###